**LAW OFFICES OF RAHUL WANCHOO** (RW-8725)
Attorneys For Plaintiff
Empire State Building
350 Fifth Avenue, Suite 3304
New York, New York 10118
Phone: (201) 882-0303
Fax:     (201) 301-3576
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

TRANSGLOBE SHIPPING CO. LTD.

                Plaintiff,

    - against -

NATURAL RESOURCES PTE LTD.

                Defendant.

-------------------------------------------------------------x

ECF CASE

07 CIV 8158

**VERIFIED COMPLAINT**

Plaintiff, TRANSGLOBE SHIPPING CO. LTD. ("Transglobe"), by its attorney, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

### JURISDICTION AND VENUE

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff, Transglobe was and now is a foreign corporation organized under and existing by virtue of the laws of the Peoples Republic of China, and is the disponent owner of the M.V. NATZUTEC (the "Vessel"), a bulk carrier of about 27,921 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, NATURAL RESOURCES PTE LTD. ("Natural"), was and is a foreign corporation organized and existing under and by virtue of the laws of Singapore, and was the charterer of the Vessel.

## FACTS GIVING RISE TO CLAIM

4. On or about July 14, 2007, a time charter party (the "Charter") was made between Transglobe, as disponent owners of the Vessel, and Natural as charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for one time charter trip for a period of about twenty five days via safe port(s) China/ E.C. India with lumpy coal and coking coal without guarantee.

5. The Charter provided that charterer shall pay for the use and hire of the Vessel at the rate of $23,000 per day, including over time payable fifteen days in advance. The hire was to commence from the time of the Vessel's delivery to the charterer until the day of her redelivery to the owner, unless Vessel lost.

6. Pursuant to the Charter, the Vessel was to be redelivered by giving a ten days prior notice of the Vessel's expected date of redelivery, and probable port, with three and a half days definite notice with definite port of redelivery.

7. According to owner's Charter hire calculations, hire was payable 15 days in advance for period from July 29, 2007 to September 20, 2007 for 53.00 days which amounts to $1,219,000.00 (53 days x $23,000 per day). Defendant has made payments to date totaling only

$1,168,058.30 of hire, which leaves an estimated balance of unpaid hire and bunkers consumed due to Plaintiff of $523,586.63.

8. Pursuant to the terms of the Charter, Defendant should have paid the hire on or about September 5, 2007. However, despite various reminders from Plaintiff to Defendant, no hire has been received to date.

9. By reasons of the premises, Plaintiff has sustained damages in the amount of $523,586.63 as best as can presently be calculated.

10. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in London with English law. In addition to the unpaid hire, Plaintiff is also entitled, in London, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated, are $100,000.

11. Arbitration of these disputes in London arbitration may take three years. Plaintiff is entitled to and would receive interest at the present rate of 8.25% from September 2007 to the completion of the arbitration or about $146,465.56.

12. Plaintiff's total claim against Defendant for which it seeks security herein is $770,052.19.

13. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

14. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed

with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the London arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Natural Resources Pte Ltd., and that it be personally cited to appear and answer the matters set forth above.

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $770,052.19, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grants to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
September 18, 2007

                                              **LAW OFFICES OF RAHUL WANCHOO**
                                              Attorneys for Plaintiff
                                              TRANSGLOBE SHIPPING CO. LTD.

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY )
                     ss.
COUNTY OF BERGEN    )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

_Rahul Wanchoo_

Sworn to and subscribed to
before me this 18th day of
September, 2007

_Lila Chin_
Notary Public

LILA CHIN
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES FEB. 18, 2012